CERTIFIED COPY

CAUSE NO. 01-CR-1675-G

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| VS | § | CAMERON COUNTY, TEXAS |
| RODRIGO ESTRADA CANTU<br>TRN 004 119 5698 | § | 404TH JUDICIAL DISTRICT |

## JUDGMENT REVOKING SUPERVISION
## SENTENCE TO INSTITUTIONAL DIVISION

| | |
|---|---|
| Judge Presiding: Abel C. Limas | Date of Judgment: DEC 04 2007 |
| State's Attorney: Mike Kiesel | Defendant's Attorney: Michael Young |
| Offense Convicted of: Burglary of a Habitation | Date of Conviction: 10/03/05 |
| Degree of Offense: **SECOND** Degree Felony | Date Offense Committed: 10/02/01 |
| Date of Supervision Order: 10/08/05 | |
| Plea to Motion to Revoke: True | Finding of Court: True |
| Term of Plea Agreement (In Detail): N/A | |
| Conditions Violated: b, g, n and q as set out in the State's Motion to Revoke. | |
| Date Sentence Imposed: 11/16/07 | Costs: See Bill of Costs (Exhibit B) |
| Sentence of Confinement (Institutional Division): Five (5) Years | Fine: N/A |
| Time Credited: 186 days | Date to Commence: 11/16/07 |
| Total Amount of Restitution: N/A | |

THIS SENTENCE TO BE SERVED CONCURRENT WITH: Cause No. 05-CR-1353-G.

On the date stated above, the Defendant was duly and legally convicted of the offense stated above, in the above numbered and entitled cause, and punishment was assessed and the imposition of the sentence was suspended and the Defendant placed on community supervision

United States District Court
Southern District of Texas
FILED
DEC 06 2012
David J. Bradley, Clerk of Court

GOVERNMENT EXHIBIT 1
B-12-CR-00338

CERTIFIED COPY

as stated above, subject to the conditions of supervision set out in the order in this cause. Thereafter, and during the period of supervision, the State filed a Motion to Revoke Community Supervision in this cause, alleging that the Defendant had violated conditions of supervision set out in said order.

On the date stated above, both parties announced ready for trial, and the Defendant waived the reading of the Motion in open court and, upon being asked by the Court as to how the Defendant pleaded, entered a plea of true to the allegations in the Motion. Thereupon, the Court admonished the Defendant of the consequences of said plea and, it appearing to the Court that the Defendant is competent and that the Defendant is not influenced in making said plea by any consideration of fear, or by any persuasion prompting said plea, the said plea of true is by the Court received and is here and now entered of record in the Minutes of the Court as the plea of the Defendant. The Court, after hearing all of the evidence for the State and the Defendant and argument of counsel, is of the opinion and finds that the Defendant violated the conditions of the Defendant's community supervision as stated above.

IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED by the Court that the order suspending the imposition of the sentence and placing the Defendant on community supervision, heretofore entered in this case, is hereby revoked on the date stated above. The Defendant, having previously been found guilty of the offense charged as set out in the finding of guilt, punishment is hereby assessed at **FIVE (5) YEARS** in the Texas Department of Criminal Justice, Institutional Division, and it is ORDERED that this punishment be carried into execution in the manner prescribed by law.

And thereupon the Court asked the Defendant whether the Defendant had anything to say why said sentence should not be pronounced upon said Defendant, and the Defendant answered

CERTIFIED COPY

nothing in bar thereof. Whereupon the Court proceeded, in the presence of said Defendant and the Defendant's attorney, to pronounce sentence upon said Defendant as follows:

IT IS ORDERED by the Court that the Defendant, who has been adjudged guilty of the offense stated above, be and is hereby sentenced to the punishment stated above. The Defendant shall be taken by the authorized agent of the State of Texas or by the Sheriff of Cameron County, Texas, and by him safely conveyed and delivered to the Director of the institutional division of the Texas Department of Criminal Justice, there to be confined in the manner and for the period aforesaid. The Defendant is hereby remanded to the custody of the Sheriff until such time as the Sheriff can obey the directions of this sentence.

IT IS FURTHER ORDERED by the Court that Defendant's left or right thumb be fingerprinted, and that said thumbprint be marked as Exhibit "A" and is made a part hereof for all purposes.

Said Defendant is given credit on this sentence for 186 days on account of the time spent in jail.

SIGNED FOR ENTRY: ~~November~~ December 4th, 2007.

Judge Presiding

DISTRICT COURT CAMERON COUNTY, TEXAS

A TRUE COPY I CERTIFY
AURORA DE LA GARZA CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS

APR 26 2012

BY Dominga Arriaga
DEPUTY

FILED 5:00 O'CLOCK P M
AURORA DE LA GARZA, CLERK

DEC 04 2007

DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

Cesar Rodriguez

CERTIFIED COPY

CAUSE NO.: 01-CR-1675-G

| | | |
|---|---|---|
| THE STATE OF TEXAS | * | IN THE DISTRICT COURT OF |
| VS. | * | CAMERON COUNTY, |
| RODRIGO CANTO | * | 404th JUDICIAL DISTRICT |

**DEFENDANT'S THUMBPRINT**

The following is the thumbprint of: RODRIGO CANTO,

defendant in this cause, 01-CR-1675-G in this court:



RC

(Defendant's Initials)

Taken on this 16th day of NOV., 2007 by:

[signature]

(Signature)

BAILIFF

Title of person authorized to take thumbprint

Judgment signed for entry herein the 4th day of December, 2007.

EXHIBIT "A"

CERTIFIED COPY

CAUSE NO. 01-CR-1675-G

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| VS | § | CAMERON COUNTY, TEXAS |
| RODRIGO ESTRADA CANTU<br>**TRN 004 119 5698** | § | 404TH JUDICIAL DISTRICT |

## JUDGMENT OF CONVICTION
## SENTENCE SUSPENDED;
## PLACEMENT ON COMMUNITY SUPERVISION

| | |
|---|---|
| Judge Presiding: Abel C. Limas | Date of Judgment: 10/08/05 |
| State's Attorney: Cynthia Maldonado | Defendant's Attorney: Michael Young |
| Offense Convicted of: Burglary of a Habitation | Date of Conviction: 10-03-05 |
| Degree Of Offense: Second Degree Felony | Date Offense Committed: 10-02-01 |

Charging Instrument: Indictment

Plea to Court: Guilty — Verdict of Court: Guilty

Term of Plea Agreement (In Detail): 4 Years TDC, concurrent with 05-CR-1353-G

Plea to Enhancement: N/A — Findings on Enhancement: N/A

Finding on Special Issue (In Detail): N/A

Date Sentence Suspended: 10-03-05 — Costs: $207.00

Sentence of Confinement or Imprisonment: Ten (10) Years TDCJ-ID — Fine: N/A

Period of Supervision: Ten (10) Years — Date to Commence: 10-03-05

Restitution: $-0-

Restitution payable to: Name and Address

To run concurrent with: Cause No. 05-CR-1353-G

CERTIFIED COPY

On the date stated above, the above numbered and entitled cause was reached and called for trial, and the State appeared by the attorney stated above, and the Defendant and the Defendant's attorney were also present. Thereupon, both sides announced ready for trial, and the Defendant, Defendant's attorney, and the State's attorney agreed in open court and in writing to waive a jury in the trial of this cause and to submit it to the Court. The Court consented to the waiver of a jury herein. The Defendant further waived the reading of the indictment and, upon being asked by the Court as to how the Defendant pleaded, entered a plea of guilty to **BURGLARY OF A HABITATION**. Thereupon, the Defendant was admonished by the Court of the consequences of said plea, and, it appearing to the Court that the Defendant was competent to stand trial and that the Defendant was not influenced in making said plea by any consideration of fear or by any persuasion prompting a confession of guilt, the free and voluntary plea of guilty was received by the Court and is now entered of record in the minutes of the Court as the plea of the Defendant. The Court, having heard all evidence from the State and the Defendant, and having heard argument of counsel for both parties, found that there was sufficient evidence to support the Defendant's plea and found the Defendant guilty of the offense stated above.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED by the Court that the Defendant is guilty of the offense stated above, and, the Court having reviewed the pre-sentence investigation report, the punishment is assessed by the Court at **TEN (10) YEARS** in the Texas Department of Criminal Justice, Institutional Division, and the State of Texas do have and recover of said Defendant all court costs in this prosecution expended for which execution will issue.

CERTIFIED COPY

However, the Court, after due consideration, is of the opinion and so finds that the ends of justice and the best interests of the public and the Defendant will be subserved if the imposition of the sentence in this cause be suspended and the Defendant is placed on community supervision under the direction of this Court.

IT IS, THEREFORE, ORDERED by the Court that the imposition of the sentence of **TEN (10) YEARS** in the Texas Department of Criminal Justice, Institutional Division in this cause is hereby suspended, and the Defendant is placed on community supervision for **TEN (10) YEARS**, subject to the conditions of supervision imposed by the Court and served on the Defendant.

(a) Commit no offense against the laws of this State or any other State or of the United States;

(b) Avoid injurious or vicious habits;

(c) Avoid persons or places of disreputable or harmful character;

(d) Report to the Probation Officer at the Probation Office monthly between the second Monday and the following Friday of each month;

(e) Report to the Probation Officer (in addition to the reporting) required by (d) above) when, where and in the manner as may hereafter be ordered by the Court through the Probation Officer;

(f) Permit the Probation Officer to visit Probationer at Probationer's home, work, or elsewhere at any and all times;

(g) Work faithfully at suitable employment as far as possible;

(h) Remain in Cameron County, Texas, unless Probationer shall have first secured the written consent of the Court to leave the county and filed it in the papers of this cause;

(i) Pay Court Costs in the sum of $207.00 within as directed by the Community Supervision and Corrections Department;

CERTIFIED COPY

(j) Pay a Community Supervision Fee of $60.00 per month every month of the supervision period between the first and tenth day of the month beginning in the month next following entry of this Judgment until the sum of $7,200.00 shall have been paid;

(k) Pay the Community Supervision and Corrections Department $400.00 reimbursement for Pre-Sentence Investigation conducted, payable as directed by the Community Supervision and Corrections Department;

(l) Pay Restitution in the amount of $-0- equal monthly installments between the first and tenth day of every month beginning in the month next following entry of this Judgment and continuing until such restitution is paid in full;

(m) Pay Fine in the amount of WAIVED within as directed by the Community Supervision and Corrections Department;

(n) Perform 250 hours of Community Service as directed by the Community Supervision and Corrections Department;

(o) Pay a One-Time Crime Stopper's Fee of $50.00 within thirty (30) days. Defendant is to provide receipt to probation office for credit as directed by the Community Supervision and Corrections Department;

(p) Pay Cameron County $300.00 reimbursement for Attorney's Fees paid for defendant's appointed counsel, in equal monthly installments, between the first and tenth day of every month beginning the month next following entry of this Judgment and continuing until reimbursement is paid in full;

(q) Defendant shall be under the Intensive Supervision Program of the Adult Probation Department and subject to all of its rules and regulations for six (6) months. Defendant shall report to the Probation Officer at the Probation office one each week, beginning on the week directed by his Probation Officer. Provided, however, the Probation Officer may from time to time waive Defendant's reporting in person each consecutive week;

(r) Support defendant's legal dependents;

(s) File with the Supervision Officer at the Community Supervision and Corrections Department between the first and tenth day of every month next following a default in any payment required of defendant by this Judgment a detailed statement in writing under oath of all income and expenses received and expended by the defendant during the entire month in which the default occurred.

CERTIFIED COPY

(t) File with the Supervision Officer at the Community Supervision and Corrections Department between the first and tenth day of every month next following a calendar month in which defendant was gainfully employed less than 150 hours a detailed statement in writing under oath of all efforts made by defendant to secure and hold employment during the entire month in which not gainfully employed 150 hours.

(u) Within ten (10) days after the event, report in writing to the Supervision Officer any arrest of defendant and/or criminal charge filed against defendant.

By the term "the Supervision Officer" as used herein is meant any Cameron County Supervision Officer; by the term "Community Supervision and Corrections Department is meant the Cameron County Community Supervision and Corrections Department, First Floor, Cameron County Courthouse, Brownsville, Texas.

All payment required of defendant by this Judgment shall be paid within the time specified at the Community Supervision and Corrections Department to the Supervision Officer for which defendant shall receive the Supervision Officer's sequentially numbered receipt evidencing payment.

All payments received under this Judgment shall be forthwith deposited by the Supervision Officer in the Cameron County Community Supervision and Corrections Department Trust Fund (previously referred to as the Cameron County Adult Probation Trust Fund) in the County Depository and thereafter disbursed in accordance with the District Courts' Order of March 21, 1975, recorded in Volume 63, Page 284-A, of the Minutes of this Court. Under the authority of that Order and this Judgment, disbursement shall be made *without* further order of the Court:

1. for Restitution in the amount of $-0- payable to;

   Name and Address

2. to the District Clerk of Cameron County, Texas for Court Costs in the amount of $207.00;

3. to Cameron County, Texas for reimbursement for appointed Attorney's Fees in the amount of $300.00;

such disbursement to be made upon full collection of the amounts above specified or periodically on a pro rata basis. All other payments made under this Judgment shall wait further written order of the Court as per the District Courts' Order of March 21, 1975.

CERTIFIED COPY

This Court reserves all rights vested in it by law to control by its further orders, the modification and termination of the provisions of the community supervision hereinabove set out, its jurisdiction being thereby expressly reserved until the satisfactory fulfillment of the conditions of said community supervision.

IT IS FURTHER ORDERED by the Court that Defendant's left or right thumb be fingerprinted, and that said thumbprint be marked as Exhibit "A" and is made a part hereof for all purposes.

SIGNED FOR ENTRY: October 8th, 2005.

Judge Presiding

DISTRICT COURT CAMERON COUNTY TEXAS

A TRUE COPY I CERTIFY
AURORA DE LA GARZA CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
APR 2 6 2012
BY DEPUTY

FILED 9:18 O'CLOCK A M
AURORA DE LA GARZA DIST. CLERK
OCT 1 0 2005
DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

BURGLARY OF HABITATION Sec. 30.02(?)(C)

DOB: RODRIGUEZ [redacted] 79 O CANTU 2-25-82

**IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS**

**THE GRAND JURORS**, for the County of Cameron and State aforesaid, duly organized as such at the **JULY** Term, **2001** of the **107TH** Judicial District in and for said County, upon their oaths in said Court, present that **SERGIO KEONI RODRIGUEZ AND RODRIGO ESTRADA CANTU**, hereinafter called the Defendants, on or about the **2ND** day of **OCTOBER, 2001**, and anterior to the presentment of this indictment, in the County of Cameron and State of Texas, did then and there, with intent to commit theft, intentionally or knowingly enter a habitation, without the effective consent of **ALMA ARGUELLES**, the owner thereof,

AND THE GRAND JURORS AFORESAID, upon their Oaths in said Court, do further present that the defendants on or about the above mentioned date and anterior to the presentment of this Indictment, in the County of Cameron and State of Texas, did then and there intentionally or knowingly enter a habitation, without the effective consent of **ALMA ARGUELLES**, the owner thereof, and attempted to commit or committed theft of property, to-wit: **one wedding ring set, 6 rings, 8 necklaces, 8 bracelets and 3 pairs of earrings**, owned by **ALMA ARGUELLES**,

against the peace and dignity of the State.

Foreman of the Grand Jury

01-CR-00001675-G

AUSE NO. 01-CR-16756

FILED 10 55 O'CLOCK A M
AURORA DE LA GARZA DIST. CLERK
SEP - 9 2005
DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| VS. | § | CAMERON COUNTY, TEXAS |
| Rodrigo Estrada Cantu | § | 404 JUDICIAL DISTRICT |

## WRITTEN WAIVER AND CONSENT TO STIPULATION OF TESTIMONY, WAIVER OF JURY, AND PLEA OF GUILTY

Defendant, after having had his Federal and State constitutional and statutory rights fully explained to him by his attorney of record in this case, as well as the procedural requirements, rights and safeguards afforded to him by laws of the State of Texas, including the privilege against self-incrimination, the right to appearance, confrontation, and cross-examination of witnesses to be used against him, and the right to trial by jury, deliberately and knowingly agrees and consents, together with his counsel, to waive the appearance, confrontation and cross-examination of witnesses against him in this cause and further waives the right of trial by jury, with the consent of the State, and asks that he be tried by the Court without a jury.

Defendant, in person and together with the counsel, waives all formalities of arraignment and reading of the indictment and voluntarily and freely pleads Guilty, as charged in the indictment in this cause.

Defendant, in person, together with his counsel, in pleading Guilty further states under oath in open court to the Court:

1. I have never been treated for any mental illness and no one has ever suggested that I should receive treatment for any mental illness; I believe myself to be mentally competent now and sane at the time of the commission of the offense;

2. No one has threatened me in any way, used any force of any kind upon me nor placed me in fear; and I am not pleading guilty because of fear;

3. No one has promised me anything to induce me to plead guilty; I am not pleading Guilty by reason of any persuasion; I plead guilty only because I am Guilty;

4. I am not pleading Guilty with any delusive hope of a pardon in my case; I have no hope of pardon;

Revised 7/6/01



SX 1

5. If not a citizen of the United States of America I understand that a plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to th's Country, or the denial of naturalization under federal law;

6. I understand that if I persist in pleading Guilty and the evidence shows I am guilty, the Court will have no alternative but to find me guilty;

7. I understand that if the Court finds me guilty, the Court must and will assess my punishment as that prescribed by law for the offense to which I here plead guilty;

8 I understand that the punishment prescribed for the offense to which I here plead guilty is by confinement in the Texas Department of Criminal Justice Institutional Division (Texas Department of Corrections) for a term of years not less than 2 years nor more than 20 years, to which may be added a fine not to exceed $10,000.00;

________ or if the offense is a State Jail Felony, confinement of not less than 180 days nor more than two years in a State Jail Facility, to which may be added a fine not to exceed $10 000.00

9. If applicable, the Judge may impose any reasonable condition of community supervision beyond those conditions expressly stated in the plea agreement. The judge may also amend or modify the conditions of supervision at any time during the period of supervision;

10. If I am granted a deferred adjudication probation, on violation of a condition of probation imposed by the Court, I may be arrested and detained as provided in the Texas Code of Criminal Procedure. I am entitled to a hearing limited to the determination by the Court of whether it proceeds with an adjudication of guilt on the original charge. No appeal may be taken from this determination. After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of probation, and appeal continue as if the adjudication of guilt had not been deferred;

11. If my case is a State Jail Felony, I understand the period of confinement may be suspended and I may be placed under supervision of the Court for a period of not less than two (2) years or more than five (5) years. As a condition of supervision the Court may order that I be confined for up to ninety (90) days in the county jail or not less than ninety (90) days or more than one hundred eighty (180) days in a state jail;

12. I understand that the Prosecutor may or may not make a recommendation as to punishment, but I understand that the Court is not bound by such recommendation of the prosecuting attorney as to punishment;

13. I understand that if a punishment is being recommended by the prosecutor and agreed to by me and my attorney and the punishment assessed by the Court does not exceed that agreed punishment that I cannot, without the Court's permission, prosecute an appeal on any matter in this case except for those matters raised by written motions filed prior to the trial;

14. I affirm to the Court that there has been no plea agreement in this case except as follows:

4 years TDC cc w/ 05-CR-1353-G

And I understand that the Court is not bound to accept a plea bargain and if the Court rejects a plea bargain I may withdraw my plea of guilty; HOWEVER, IF the Court does accept my plea bargain, I EXPRESSLY waive all of my rights to appeal.

Revised 7/6/01

15. I went to the 2 th grade in public school and can , write and understand the English language;

16. I do not read, write or understand the English language and all of this instrument has been translated to me from English to Spanish by ______________________ ___ and I believe I fully understand all of it;

In addition, the Defendant, in person, under oath, together with his attorney and the attorney representing the State of Texas, further agree, consent and stipulate in writing in open court to the following:

The State may introduce affidavits, written statements of witnesses and any other documentary evidence in support of any judgment that may be entered in this cause, which are marked Exhibits No. 1, through No. 2, inclusive, and made a part hereof; that such stipulated evidence is true and correct; that the Defendant, is the identical person referred to in the exhibits and stipulated evidence and if the witnesses were present, sworn and testifying under oath that they would testify as set out in their written statements and would identify the Defendant as the person of whom they speak in said exhibits and stipulations; that the Defendant is the identical person named in the indictment in the above styled and numbered cause; that each and every allegation in said indictment charging the offense of: Burglary of Habitation
______________________________
is true and correct and each act therein alleged occurred in Cameron County, Texas.

______________________________
Defendant

**SWORN TO AND SUBSCRIBED TO BEFORE ME**, the undersigned authority, on this the 9 day of Apr, 2003

Clerk of the District Courts,
Cameron County, Texas

BY: ______________________________
Deputy

DISTRICT COURT CAMERON COUNTY TEXAS

APPROVED AND AGREED:

______________________________
Defendant's Attorney

______________________________
Assistant District Attorney,
Cameron County, Texas

Revised 7/6/01

## CERTIFICATE OF DEFENDANT'S ATTORNEY

The undersigned attorney of record for the Defendant in the above styled and numbered cause, being a duly licensed member of the State Bar of Texas in good standing, does hereby certify that I have fully explained to the Defendant his Federal and State constitutional and statutory rights as Defendant in this case, including his constitutional right to a trial by jury and to have the witnesses present, testify and to cross-examine them, as well as all the procedural requirements and rights afforded him by the State of Texas, and the Defendant understanding his said rights, has deliberately and knowingly waived such rights in this case.

I further certify that I have read to the Defendant and explained to the Defendant the foregoing waiver and consent to stipulation of testimony, together with the stipulations and exhibits attached and made a part thereof, and I believe and state to the Court that the Defendant understands such waiver, consent and stipulation, and has voluntarily and knowingly, entered into the same with my advice and consent.

The undersigned attorney further states to the Court in connection with the Defendant's plea of guilty that the undersigned has counseled and advised with the Defendant and that every statement above made by the Defendant is true and correct to the best of my knowledge and belief; and, in my opinion, the Defendant is now mentally competent and legally sane, was legally sane at the time of the offense charged, and is able to and does understand the nature and consequences of these proceedings and his plea of guilty.

Attorney for the Defendant

Revised 7/6/01

APPROVAL OF TRIAL JUDGE:

The above and foregoing written waiver and consent to stipulation of testimony, waiver of jury and plea of guilty having been made under oath by the Defendant in person in open court and the Court having interrogated the Defendant in person in open court, as well as his counsel, and being satisfied that the Defendant has had his constitutional and legal rights explained to him and that the Defendant has the age, education and discretion to fully understand and does understand his constitutional rights with regard to the right of trial by jury, the appearance, confrontation and cross-examination of witnesses against him, and the privilege against self-incrimination and further understands the waiver and the stipulations and the contents thereof to which he has agreed, the said waiver and consent and stipulation of testimony is hereby approved by the Court, and ordered filed in the papers of this cause.

The Court, having considered the plea of guilty of the Defendant and it plainly appearing to the Court that the plea of the Defendant is free and voluntary and the Defendant is mentally competent; and the Court having duly admonished the Defendant of the range of punishment attached to the offense, that the recommendation of the prosecuting attorney as to punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the Defendant and his attorney, the Court must give the Court's permission to the Defendant before he may prosecute an appeal on any matter in the case except for those matters raised by written motions filed prior to the trial; and the Defendant having persisted in pleading Guilty, accepts the Defendant's plea of Guilty and orders that such plea shall be entered upon the minutes of this Court.

Signed this the 9th day of September 2005.

[signature]
Judge Presiding

Revised 7/6/01

SX2

11. COPIES OF WARRANTS OF ARREST FOR DEFENDANTS (SERGIO KEONI RODRIGUEZ AND RODRIGO ESTRADA CANTU)
12. COPIES OF ARREST REPORTS FOR DEFENDANTS
13. COPY OF VOLUNTEER STATEMENT OF ACCUSED OBTAINED FROM SERGIO KEONI RODRIGUEZ
14. COPY OF VOLUNTEER STATEMENT OF ACCUSED OBTAINED FROM RODRIGO ESTRADA CANTU
15. TEXAS DEPARTMENT OF PUBLIC SAFETY CRIMINAL HISTORY REPORTING FORM FOR DEFENDANTS
16. COPIES OF CRIMINAL HISTORY REPORTS FOR DEFENDANTS
17. COPY OF CAMERON COUNTY SHERIFF DEPARTMENT IMPOUND REPORT

---

## ***NARRATIVE OF INVESTIGATION***

ON OCTOBER 2, 2001 COMPLAINANT, GUILLERMO ARGUELLES, FILED A REPORT WITH THIS AGENCY FOR BURGLARY OF HABITATION.

ON OCTOBER 4, 2001 COMPLAINANTS DAUGHTER, TONI DAWN ARGUELLES, CAME TO THE HARLINGEN SHERIFF DEPARTMENT AND MET WITH ME. SHE STATED SHE WANTED TO TALK WITH ME ABOUT THE BURGLARY AT HER PARENTS RESIDENCE. AFTER I WARNED HER OF HER RIGHTS AND SHE SIGNED A WARNING AND WAIVER OF RIGHTS FORM. I ASKED HER WHAT DID SHE WANT TO TALK WITH ME ABOUT. SHE BEGAN BY STATING SHE LIED ABOUT THE BREAK IN. TONI DAWN ARGUELLES ORIGINALLY STATED SHE CAME HOME WITH HER GRANDMOTHER AND FOUND THE FRONT DOOR TO THE RESIDENCE PARTIALLY OPEN. SHE SAID SHE NOTICED THE DOOR FRAME BROKEN. IT APPEARED THE DOOR WAS FORCED OPEN. SHE SAID SHE TOLD HER GRANDMOTHER AND SHE LOOKED AROUND THE HOUSE TO SEE IF ANYTHING WAS MISSING. SHE SAID SHE DID NOT SEE ANYTHING DISTURBED SO SHE DID NOT LOOK INTO IT ANYMORE. WHEN HER PARENTS GOT HOME SHE TOLD THEM WHAT SHE FOUND. HER FATHER, GUILLERMO ARGUELLES, CALLED THE SHERIFF DEPARTMENT AND FILED A REPORT OF BURGLARY OF HABITATION WITH UNKNOWN SUSPECTS.
TONI DAWN ARGUELLES STATED HER BOYFRIEND, RODRIGO CANTU, BROKE INTO THE HOUSE. SHE FURTHER STATED RODRIGO AND A FRIEND, SERGIO, PICKED HER UP AT HER GRANDMOTHERS HOUSE AND THEY DROVE TO HER PARENTS HOUSE ON HWY. 281. ONCE AT THE HOUSE RODRIGO DIRECTED HER TO OPEN THE DOOR SO HE COULD TAKE SOME JEWELRY. AFTER SHE TOLD HIM SHE DID NOT HAVE A KEY TO GET INTO THE HOUSE RODRIGO BECAME ANGRY AND BEGAN HITTING THE DOOR FORCING THE DOOR OPEN. SHE SAID HE WAS NOT SUCCESSFUL SO THEY WALKED TO THE REAR OF THE RESIDENCE. RODRIGO TRIED TO OPEN A WINDOW. THE WINDOWS WERE LOCKED SO THEY WALKED TO THE FRONT OF THE HOUSE. TONI SAID SHE DID NOT WANT TO BREAK INTO THE HOUSE BUT RODRIGO BECAME AGGRESSIVE AND SAID HE WAS GOING TO BREAK INTO THE HOUSE SOMEHOW. RODRIGO WALKED BACK TO THE FRONT DOOR AND SLAMMED HIS BODY AT THE DOOR AND BROKE THE FRAME CAUSING THE DOOR TO OPEN. THE ALARM SOUND OFF AND HE DIRECTED HER TO PUNCH THE CODE IN TO DISENGAGE IT. RODRIGO WENT IN HER PARENTS BEDROOM AND TOOK ALL THE PIECES OF JEWELRY FROM THE DRESSER. THEY WENT BACK TO THE CAR WHERE SERGIO WAS WAITING. THEY DROVE TO FIRST CASH PAWN STORE AND SHE SAID SERGIO AND RODRIGO WENT IN AND PAWNED THE JEWELRY. SHE DOES NOT KNOW HOW MUCH THEY GOT

SERGIO THEN DROVE . . A HOUSE WHERE THEY BOUGH . A BAG OF MARIJUANA AND THEN THEY DROPPED HER OFF BACK AT HER GRANDMOTHERS HOUSE.
SHE DID NOT KNOW WHAT TO DO BECAUSE RODRIGO THREATEN HER IF SHE SAID ANYTHING HE WOULD HURT HER.
TONI DAWN ARGUELLES SIGNED A STATEMENT IN REFERENCE TO OUR CONVERSATION.

ON OCTOBER 5, 2001 I WENT TO FIRST CASH PAWN ON TYLER STREET IN HARLINGEN AND RECOVERED THE JEWELRY PAWNED BY SERGIO KEONI RODRIGUEZ.

ON OCTOBER 5, 2001 COMPLAINANTS WIFE ANNA ARGUELLES CAME INTO THE HARLINGEN SHERIFF OFFICE. I PRESENTED THE JEWELRY RECOVERED FROM THE PAWN STORE. MRS. ARGUELLES POSITIVELY IDENTIFIED THE JEWELRY AS THE JEWELRY TAKEN FROM HER HOME. SHE SIGNED A STATEMENT STATING SHE DID NOT GIVE ANYONE PERMISSION TO ENTER HER HOME AND TAKE HER JEWELRY..

ON OCTOBER 8, 2001 WARRANT OF ARREST WAS ISSUED FOR SERGIO KEONI RODRIGUEZ FOR BURGLARY OF HABITATION.

ON OCTOBER 29, 2001 WARRANT OF ARREST WAS ISSUED FOR RODRIGO ESTRADA CANTU FOR BURGLARY OF HABITATION.

ON OCTOBER 30, 2001 WARRANTS OF ARREST FOR SERGIO KEONI RODRIGUEZ AND RODRIGO ESTRADA CANTU WERE EXECUTED. SERGIO KEONI RODRIGUEZ WAS FOUND DRIVING HIS VEHICLE. AFTER A TRAFFIC STOP SERGIO ESTRADA RODRIGUEZ WAS IDENTIFIED AND ARRESTED. HIS VEHICLE WAS IMPOUNDED FOR SAFE KEEPING. RODRIGO ESTRADA CANTU WAS ARRESTED AT SERGIO'S HOME.

ON OCTOBER 30, 2001 A VOLUNTEER STATEMENT OF ACCUSED WAS OBTAINED FROM SERGIO KEONI RODRIGUEZ.

ON OCTOBER 31, 2001 A VOLUNTEER STATEMENT OF ACCUSED WAS OBTAINED FROM RODRIGO ESTRADA CANTU.

ON OCTOBER 31, 2001 THEY WERE BOTH ARRAIGNED BEFORE JUSTICE OF THE PEACE, ARTURO SALAS IN LA FERIA.

**CASE AGENT:** ***ROLANDO J. HERNANDEZ*** **DATE: NOVEMBER 1, 2001**
**SUPERVISOR:** [signature] **DATE:** 11/1/01

## VOLUNTARY STATEMENT OF ACCUSED

I, having been warned by ROLANDO J. HERNANDEZ, whose occupation is a Sheriff's Investigator at 4:58 PM, on the 4th. day of October, 2001, in Harlingen Cameron County, Texas, (1)that I have the right to remain silent and not make any statement at all and that any statement that I make may be used against me at my trial or trials; (2) that any statement I make may be used as evidence against me in court; (3) that I have the right to have a lawyer present to advise me prior to and during any questioning; (4) that if I am unable to employ a lawyer, I have the right to have a lawyer appointed to advise me prior to and during any questioning; and (5) that I have the right to terminate the interview at any time. I understand all of my rights as stated above, and now that I know my rights it is my choice to voluntarily give them up and to freely, intelligently, and knowingly make the following statement.

MY NAME IS Toni Dawn Arguelles. MY DATE OF BIRTH IS [redacted] 1982. I RESIDE AT [redacted] San Benito, TX. My home phone number is [redacted].

On October 2, 2001 at about 11:06am I was at my grandmothers house on [redacted] in San Benito, TX. My boyfriend (Rigo Cantu) called me and asked me if I wanted to go to Corpus Cristi. I said I didn't think my mom would let me go. He then asked if she would let me go to McAllen. I said she wouldn't let me. He asked to talk to my mom. After they talked on the phone, my mom gave me the phone and told me to tell Rigo to have me back at 4. TA

Rigo told me to get dressed and I said ok. A while later Rigo showed up in a maroon with black on the bottom Buick Le Sabre. The Buick belongs to another friend (Sergio Rodriguez). My mom told me Rigo was outside. I told her I was getting dressed. I walked outside and Rigo was waiting for me at the front door. We walked to the car and as I opened the passenger door I saw Sergio laying down in the front seat. I got in the back seat and Rigo got in the passenger side . Sergio drove off. Once we were on the road Rigo asked me where I wanted to eat. I said I didn't care. He said he didn't have any money. I asked him, well how did he want to eat. Rigo said he wanted to go to my house. I said I didn't want to go. Rigo ignored me and directed Sergio where to turn. Sergio drove up to the drive way at my house. Rigo told me to get out of the car. We walked to the front door. He told me he

TA

wanted to steal my mom's jewelry and asked me to open the door with my key. I told him I didn't have a key because my parents did not trust me. He kept pushing on the door with his shoulder several times. I told him to stop. He walked around the house to my bedroom window and I followed him. He tore the screen a little. I told him to stop because all the windows are locked. I also told him the alarm was going to go off. I walked away from him and got back in the car on the passenger side. Rigo followed me and told me to get off. I got off and closed the car door. I did not see he had his arm in the way and I accidentally closed the door on his arm. Rigo got angry and said "stupid bitch" I made a face like I wanted to leave. Rigo told me to stop making those faces or he would hit me. We walked back to the front door to the house and Rigo hit it with his shoulder one more time and forced the door open. We walked in the house. I shut off the alarm while Rigo went into my mothers room. I saw Rigo walked up to the dresser. My mother has a jewelry dish where she keeps all her jewelry. Rigo grabbed the jewelry that was in there and put them in his pocket. We walked out and in the car. Rigo told Sergio to drive to the pawn shop. We went to the Pawn Shop on F street and Tyler Street in Harlingen. Rigo and Sergio got off. Rigo told me to stay in the car. A while later they came out and Rigo had money and a watch in his hands. Rigo showed me the watch. I asked him if he bought it. He said no. He said. "I yanked it" To me "yank" means steal. The watch was silver. The band was silver with gold. It had two buttons on the side. The only number it had was the number 12. The rest of the numbers were replaced with dots. The face background was white. The hands on the watch had some green so they would glow in the dark. TA

Sergio said none of this was right. Rigo told Sergio, "Dude shut the fuck up". Sergio drove to Hans Gas Station in Harlingen. Rigo paid for some gas and a cigar. We then went to Iowa Street in Harlingen. Sergio drove up to Jessica and some guy. They were walking down the street smoking a marijuana cigarette. Rigo smoked some of her cigarette and asked her where she got it from. Jessica said she got it from Blanca. Blanca lives there on Iowa Street. Sergio drove to Blanca's house on Iowa Street and Rigo and Sergio got off. I stayed in the car. A while later they came out with a bag of weed. They got in the car. Rigo got the cigar he bought at the store and tore it open. He emptied it out. He used the cigar leaves to roll the joint. Meanwhile Sergio was driving me back to grandmothers house. They were smoking the weed. We got to my grandmothers and I got off. Rigo

TA

TA

told me if I said anything he was going to slit my throat and my brothers to. They took off.
I was scared. I didn't know what to do. So when my brother asked my mom if she could take care of his little baby. I said I would and asked him to give me the keys to his car. He gave me the keys and I drove to my mom's house. I had my grandmother and the baby with me. I got to my mom's house and I tried to open the front door but it was stuck. I pushed it with my shoulder like Rigo did and the door opened. I saw a piece of wood on the door. It looked like it came off the door. I showed my grandmother the piece of wood. She didn't say anything. TA
When my parents got home my grandmother told me to tell them what I found. I told them That someone tried to break in the house. Both of my parents looked at the door and thought some one tried to break in but they couldn't. They had not noticed the jewelry missing. My dad filed a police report with the Sheriff Office about someone trying to break in the house. I did not tell them the truth that night. TA
The following morning my mother found that her jewelry was missing. She asked me about it and I told her the truth about what Rigo, Sergio, and I did. TA

I would like to state that I give this statement on my own free will. I have not been threatened or promised anything in return for my statement. I have read my statement and I find it to be true and correct to the best of my knowledge and ability.

Witness

Signature of Accused

Witness

## VOLUNTARY STATEMENT OF ACCUSED

I, Rodrigo Estrada Cantu having been warned by Investigator Rolando J. Hernandez, whose occupation is a Sheriffs Investigator at 12:38 PM, on the 31st. day of October, 2001, in Harlingen Cameron County, Texas, (1)that I have the right to remain silent and not make any statement at all and that any statement that I make may be used against me at my trial or trials; (2) that any statement I make may be used as evidence against me in court; (3) that I have the right to have a lawyer present to advise me prior to and during any questioning; (4) that if I am unable to employ a lawyer, I have the right to have a lawyer appointed to advise me prior to and during any questioning; and (5) that I have the right to terminate the interview at any time. I understand all of my rights as stated above, and now that I know my rights it is my choice to voluntarily give them up and to freely, intelligently, and knowingly make the following statement.

My name is Rodrigo Estrada Cantu. My date of birth is [redacted]-82. I reside at [redacted] in San Benito, TX. My home phone number is [redacted]. I am unemployed.

At the end of September 2001 I was talking to my girl, Toni Arguelles, on the phone. I asked her for 5 or 10 dollars. She said she did not have money but she had some jewlery at home so I could pawn it. I said, "ok". I told her I would pick her up. I called a friend, Sergio Rodriguez. I asked him to come pick me up. I told him I was going to Toni's house and pick up some jewlery to pawn. Sergio picked me up at my house and he drove me to Toni's grandmothers house. We picked Toni up and she told us to go to her house in Los Indios. Sergio drove to her house. I asked Toni if this was her gold. She said yes her mother buys it for her through QVC. Toni and I got off at her house. I waited in the yard while she opened the front door. I don't know how she opened the door. I couldn't see. I saw her go in the house and turn the alarm off by pressing a code. She told me to follow her inside. We went into a bedroom. I don't know who's bedroom it was. She got alot of jewlery frrom the dresser and she gave it to me. As she was giving me the jewlery she was saying things like, " I dont want this. My boyfriend gave me this one. I don't like this one". I askedd her if it was cool. She said yes. We left the house and she closed the door. We got back in the car where Sergio was waiting at. We dropped off Toni back at her grandmothers house. She said she didn't want to go. After we dropped her off Sergio drove to the Pawn store at the corner of F street and Tyler st in Harlingen. I think it's called First Cash.

R.C.

R.C.

Sergio and I got off and he pawned it for me because he said he had an ID. We got, I think about $400.00 dollars. I don't remember. We left and took off just went to a friends house on Grant Street We were chilling. I told Sergio, "lets go get a room and party". Sergio said, "ok" We picked up a girlfriend and took her to the room. We were drinking and just partying. After that we went home. That's it. That's all that happened. R.C.

I would like to state that I give this statement on my own free will. I have not been threatened or promised anything in return for my statement. I have read my statement and I find it to be true and correct to the best of my knowledge and ability.

Witness ____________________

Witness ____________________

Signature of Accused

# WA NG AND WAIVER OF HTS

**PLACE:** **CAMERON COUNTY SHERIFF'S DEPARTMENT**
**608 E. Harrison**
**Harlingen, Texas**

**DATE:** 10-31-01 **TIME:** 12-38pm

## WARNING

**BEFORE YOU ARE ASKED ANY QUESTIONS, YOU MUST UNDERSTAND YOUR RIGHTS.**

___ 1. YOU HAVE THE RIGHT TO REMAIN SILENT AND NOT MAKE ANY STATEMENT AT ALL AND THAT ANY STATEMENT YOU MAKE MAY BE USED AGAINST YOU AT YOUR TRIAL;

___ 2. ANY STATEMENT YOU MAKE MAY BE USED AS EVIDENCE AGAINST YOU IN COURT;

___ 3. YOU HAVE THE RIGHT TO HAVE A LAWYER PRESENT TO ADVISE YOU PRIOR TO AND DURING ANY QUESTIONING;

___ 4. IF YOU ARE UNABLE TO EMPLOY A LAWYER. YOU HAVE THE RIGHT TO HAVE A LAWYER APPOINTED TO ADVISE YOU PRIOR TO AND DURING ANY QUESTIONING; AND

___ 5. YOU HAVE THE RIGHT TO TERMINATE THE INTERVIEW AT ANY TIME.

## WAIVER

I HAVE READ THIS STATEMENT OF MY RIGHTS (THIS STATEMENT OF MY RIGHTS HAS BEEN READ TO ME) AND I UNDERSTAND WHAT MY RIGHTS ARE. I AM WILLING TO DISCUSS SUBJECTS PRESENTED AND ANSWER QUESTIONS. I DO NOT WANT A LAWYER AT THIS TIME. I UNDERSTAND AND KNOW WHAT I AM DOING. NO PROMISES OR THREATS HAVE BEEN MADE AND NO PRESSURE OR COERCION OF ANY KIND HAS BEEN USED AGAINST ME.

X Rigo Canto
(SIGNATURE)

1238pm 10-31-01
(TIME) (DATE)

WITNESSED BY: [signature]

TITLE: Investigator

WITNESSED BY: ____________

TITLE: ____________