PROB 12C
(06/15)

United States District Court
Southern District of Texas

**ENTERED**
June 11, 2018
David J. Bradley, Clerk

# UNITED STATES DISTRICT COURT
## for the
# SOUTHERN DISTRICT OF TEXAS

### Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Rodrigo Cantu-Estrada Case Number: 1:12CR00338-001

Name of Sentencing Judge: The Honorable Senior U.S. District Judge Hilda G. Tagle

Date of Original Sentence: DECEMBER 6, 2012

Original Offense: Alien Unlawfully Found in the United States After Deportation, Having Previously Been Convicted of an Aggravated Felony, in violation of Title 8 U.S.C. §§ 1326(a) and 1326(b)(2)

Original Sentence: 60 months custody of the U.S. Bureau of Prisons, followed by a three (3) year term of supervised release.

Type of Supervision: Probation Supervision Started: February 8, 2017

Assistant U.S. Attorney: Sean Daniel Clancy Defense Attorney: Ricardo A. Barrera

Maximum Penalty Upon Revocation: **Two (2) YEARS CUSTODY OF THE U.S. BUREAU OF PRISONS, PURSUANT TO 18 U.S.C.§ 3583(e)(3).**

---

### EARLIER COURT ACTION

On September 28, 2017: A Report on Offender Under Supervision –No Action Required was submitted to the Court alleging the offender violated the mandatory conditions of supervised release when he committed an Assault. On September 28, 2017, Your Honor agreed with the recommendation by U.S. Probation to take no action. However, the Court reserved the right to address this violation at a later date

---

### PETITIONING THE COURT

To issue a warrant and set a Revocation Hearing to show cause why Supervised Release should not be revoked.

The probation officer believes that the offender has violated the following conditions of supervision:

**Violation Number** **Nature of Noncompliance**

**1** **Mandatory Condition: Shall not commit another federal, state, or local crime**

**Details:** On or about June 11, 2017, in the County of Pulaski and the State of Illinois, Rodrigo Cantu-Estrada while in custody stemming from deportation proceedings, committed the offense of assault; to wit: did then and there intentionally, knowingly or recklessly caused bodily injury to detainee Victor Hermida in violation of Correctional State Facility Code 101.

On June 11, 2017, a Correctional Officer interviewed the victim, Victor Hermida, after he was physically assaulted by another detainee. The victim was unable to provide any details to the assault and explained he became unconscious during the assault.

The Correctional Officer reviewed the video recordings which revealed that Rodrigo Cantu-Estrada and the victim were in a verbal confrontation. The video shows Cantu-Estrada punched the victim in the face. The victim fell to the floor and Mr. Cantu-Estrada continued the assault by repeatedly kicking the victim in the face. The assault was handled administratively with 30 days of disciplinary segregation. The officials at Pulaski County Detention Center informed no formal charges will be filed with the Pulaski County Attorney's Office.

**2** **Mandatory Condition: Shall not commit another federal, state, or local crime**

**Details:** On or about January 2, 2018 in McHenry County, in the State of Illinois, Rodrigo Cantu Estrada while in custody stemming from deportation proceeding, committed the offense of Unlawful Possession of a Controlled Substance, in that the said defendant knowingly and unlawfully possessed less than 15 grams of any substance containing methy 2-(1-4(fluorobenzle)-1H-indazole-3-carboxamindo) -3-methylbutanoat (FUB-AMB), a methyl 2-(1H-indazole-3-carboxamudo)-3-methlbutanoate compound, a controlled substance, otherwise than authorized in the Controlled Substance Act, in violation of Chapter 720, section 570/402 (c) of the Illinois Complied Statues in Docket Number: 18CF000101.

On or about January 10, 2018 McHenry County Sheriff's Officer responded to an incident that occurred at McHenry County Detention Facility. The offender was in custody pending deportation proceedings. Upon arrival a Sheriff Officer met with McHenry County Correctional Lieutenant Wienke who had confiscated contraband from the offender.

McHenry County Correctional Lieutenant Wienke confiscated two (2) pieces of printed paper with writing on said paper, one AA battery, one piece of tin foil and a white cotton ball from the offender. The document with writing was tested and results were positive for methy 2-(1-4(fluorobenzle)-1H-indazole-3-carboxamindo) -3-methylbutanoat (FUB-AMB), a methyl 2-(1H-indazole-3-carboxamudo)-3-methlbutanoate (synthetic form of cannabis).

On February 8, 2018, Cantu-Estrada cleared his immigration detainer and was released from custody in connection with the criminal matter. On March 18, 2018, Cantu-Estrada was Indicted in Dkt. No.: 18CF000101 and he is scheduled for preliminary hearing on June 12, 2018 in the 22nd Judicial Circuit Court in McHenry County, Illinois.

**3** **Mandatory Condition: Shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the U.S. Bureau of Prisons**

**Details**: On or about February 4, 2018, Rodrigo Cantu-Estrada was transferred from the McHenry County Jail and placed in immigration custody. On February 8, 2018, Rodrigo Cantu-Estrada was released from immigration custody. Cantu-Estrada violated the standard condition of supervision by failing to report to the nearest district within 72 hours from being released from custody.

**U.S. Probation Officer Recommendation:**

☐ To extend the term of supervision for ___ years, for a total of ___ years.

☒ Revoke

I declare under penalty of perjury, that the foregoing is true and correct to the best of my knowledge.

Approved:

Mariano Marroquin, Supervising
United States Probation Officer
June 7, 2018

Respectfully submitted,

By:

Stephen Alvarez
United States Probation Officer
291557

THE COURT ORDERS:

[ ] No Action

[ ] The Issuance of a Summons for a hearing to be held on ________________ at __________.

[ ] The Issuance of a Warrant, and a bond of $_________ cash/surety with supervision as directed by the Probation Officer as a condition of said bond. Furthermore, that a revocation hearing be set to show cause why Probation/Supervised Release should not be revoked.

[X] The Issuance of a Warrant, and no bond be set. Further, that a revocation hearing be set to show cause why Probation/Supervised Release should not be revoked.

[ ] The Issuance of a Violator's Warrant and no bond be set and that a revocation hearing to show cause why supervision should not be revoked be held at the time of disposition of the charge in Criminal Docket ________________ in U.S. District Court in the ______________________ District of _______________, __________________ Division.

[ ] Other:

Rolando Olvera
United States District Judge

June 11, 2018
Date